**NISBET et al. v. PERKINS TONNEAU WIND SHIELD CO., Inc., et al.**

(District Court, S. D. New York. November 8, 1920.)

1. Patents ⊕168(2)—Patent held limited by amendment to meet objection of examiner, though based on erroneous supposition.

Where an applicant for a patent yielded to the objection of the examiner, though based on an erroneous supposition, and limited his claim accordingly, the patent was limited to the structure which the examiner had thought would secure the function which he supposed the applicant intended.

2. Patents ⊕168(1)—Claim not limited as examiner intended to, but failed to limit it.

Where by mistake the examiner did not impose a close enough limitation to narrow a patent as he meant to do, the patent could not be made over, as against the patentee, because of the mistake of the examiner in failing to phrase it properly.

In Equity. Suit by Theodore B. Nisbet and others against the Perkins Tonneau Wind Shield Company, Incorporated, and another. Decree for plaintiff for part of the relief asked.

Thomas Ewing and Frank C. Cole, both of New York City, for plaintiffs.

W. P. Preble, of New York City, for defendants.

LEARNED HAND, District Judge. [1] There seems to be no question that the amendments on which the examiner granted the patent were made in compliance with his understanding of the concluding language of the specification (page 2, lines 38–42):

"One of these [i. e., the supports] is then folded inwardly against the front seat, and the other is subsequently folded inwardly, as shown in Figure 3. This positions the main shield adjacent to the back of the front seat."

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The examiner, reading this language, had assumed that—

"When the shield is moved from the position shown in Figure 1 to that shown in Figure 3," it "would cause the 'movable supports' to fold."

This does not follow from the language of the specification, but perhaps it was a natural understanding of its meaning. Mechanically speaking, as distinct from geometrically, the examiner's supposition was erroneous, because of the friction of the sleeves along the supports

Nevertheless, the applicant yielded to the objection, and modified his claims by adding the limitation in question. He added to the second claim the words:

"The distance between said fixed pivot supports exceeding the normal distance between said sleeves."

This certainly was meant to limit the patent to that structure which the examiner had thought would secure the function which he supposed the applicant intended. He had said that it was necessary "that the pivots for the supports be farther apart than the pivots for the sleeves or slides." "Normal" is nowhere defined, but I cannot understand it as other than extended position of the shield. If so, the defendant has, of course, avoided infringement of claim 2. If by "normal" is meant the folded position, the question becomes more doubtful. The sleeve pivots are the same distance apart as the support pivots, but some parts of the sleeves proper are nearer together. In saying this, I disregard the division of the sleeves into two parts. On the whole, I should regard the pivots as controlling even then, rather than the sleeves, considering the function to be incorporated. In either event I think claim 2 is not infringed, both verbally and functionally considered.

[2] The situation is different as to claim 1. The examiner probably thought that the words, "the distance between said supports exceeding the length of said windshield," insured a greater difference between support, than between sleeve, pivots. But the defendant has avoided the function, while infringing the claim, by extending the sleeves beyond the edges of the shield. He argues that the language should be construed functionally, and that he has not, therefore, used the real feature on which the patent was granted.

I agree this far: He has not taken that functional element which the examiner thought the language secured; but it seems to me that this only means that the examiner was in error in supposing that a narrow shield necessarily required closer sleeve, than support, pivots. It did not; you might keep the windshield narrow, and yet avoid using the function, as the defendant shows. Hence, through his mistake the examiner did not impose a close enough limitation to narrow the patent as he meant to do. However that may be, he did what he did; and there cannot be the slightest question to my mind that, viewed as a grant, it covered all cases in which the shield was narrow. I cannot make over the patent against the patentee, because of the mistake of the examiner in failing to phrase it properly. The language is clear. If the defendant objects, let him widen his shield.

Of course, if the art would not allow such an interpretation, it would be another matter, but nothing in the art in the least approaches the in-

vention.  Auster is the only reference which is at all relevant, and, aside from the fact that it was before the examiner, it is clearly distinguishable.  The invention was a decided advance, and ought, I think, to have received wider claims than it did; but that, of course, is not open now.  It is enough that the actual shield as made does infringe claim 1 and that claim 1 is valid.  What the future may have in store, which of us shall say?

Decree for the plaintiff on claim 1; bill dismissed on claim 2 for noninfringement.  No costs.